GEORGE B. SPENCER *vs.* INHABITANTS OF KINGSBURY.

Piscataquis.    Opinion April 6, 1921.

*Sufficiency of notice required by R. S., Chap. 24, Sec. 92, relative to a defect in a
highway, is a question of law to be passed upon by the presiding Justice, and
when instructions by the presiding Justice to the jury on the sufficiency
of such notice are not erroneous, exceptions will not lie.    Findings
by the jury on questions of fact under proper instructions where
there is not manifest error are final.*

Action to recover damages sustained by reason of a defective way.    Plaintiff
recovered a verdict and the case is before us upon defendants' exceptions and
motion for new trial.

The defendants' contentions are as follows:

1.    The insufficiency of the notice given under R. S., Chap. 24, Sec. 92.

2.    That the bridge was safe and convenient within the meaning of the statute
in view of the casualties that might reasonably be expected to happen to
travelers.

3.    That neither of the municipal officers nor the road commissioner  had
twenty-four hours actual notice of the defect.

4.    That the verdict was excessive as to damages.

*Held:*

1.    Sufficiency of notice required by R. S., Chap. 24, Sec. 92, is a question of
law to be passed upon by the presiding Justice.    The jury was instructed
that the notice was good and we find no error in that instruction.

2.    The second, third and fourth contentions relate to questions of fact.    Under
instructions which were not complained of these questions were answered
in favor of the plaintiff.    Manifest error in respect to the jury findings not
being found the mandate will be.    Exceptions overruled.    Motion overruled.

On exceptions and motion for new trial.    This is an action to
recover for personal injuries received by the plaintiff while traveling
upon a public highway, to wit, while crossing a bridge, in defendant
plantation.    At the close of the testimony for the plaintiff, defendants
moved for a directed verdict for defendants, which motion was denied,

and defendants excepted. Verdict of $775.00 for plaintiff was rendered, and defendants filed a general motion for a new trial. Exceptions overruled. Motion overruled.

Case is stated in the opinion.

*Hudson & Hudson,* for plaintiff.

*J. S. Williams,* for defendants.

SITTING: SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

PHILBROOK, J.   This is an action on the case to recover damages for personal injuries received by the plaintiff while traveling upon a public highway, to wit, while he was crossing a bridge which, it was admitted, is a part of an established highway in the defendant plantation. The plaintiff recovered a verdict for $775.00. The case is before us upon a general motion for a new trial and exceptions. The bill of exceptions states the following grounds:

1.   The plaintiff called as a witness one Mark Gerald to testify as to certain statements that he made to the road commissioner of said plantation, a short time before the date of the accident, regarding the condition of the bridge. The defendants objected to the testimony offered as being inadmissible for the purpose for which the same was offered.

2.   In rebuttal the plaintiff recalled one Maud Gerald to testify in contradiction of testimony that said plantiff had brought out from Daniel Woodbury, a witness for the defendants, upon cross examination by plaintiff's counsel, to which defendants objected on the ground that such testimony elicited on cross examination by the plaintiff of defendants' witness, could not be thus contradicted.

3.   At the conclusion of the testimony for the plaintiff, the defendants moved that a verdict for themselves be directed by the presiding Justice, which motion was denied. To the admission of these two pieces of testimony, and the denial of the motion, the defendants seasonably took and now present their exceptions.

Plaintiff's Ex. 1, the notice given by the plaintiff to the defendants, required by R. S., Chap. 24, Sec. 92, setting forth his claim for damages, and specifying the nature of his injuries and the nature and location of the defect which caused such injury, the charge of the presiding Justice, and the report of the evidence were all made part of the bill of exceptions.

In argument before this court, the defendants were silent upon the first two exceptions and we shall therefore treat them as waived. In passing, however, it is proper to say that in his charge to the jury, the presiding Justice clearly and correctly stated the reasons for admitting the testimony referred to in these two exceptions by explaining that it was not on the question of notice to any plantation officer of the particular defect but simply as contradicting one of the defendants' witnesses and for the purpose of affecting the credibility of his testimony.

The defendants' argument centers about four propositions.

1. The insufficiency of the notice given under R. S., Chap. 24, Sec. 92.

2. That the bridge was safe and convenient within the meaning of the statute in view of the casualties that might reasonably be expected to happen to travelers.

3. That neither of the municipal officers nor the road commissioner had twenty-four hours actual notice of the defect as required by statute.

4. That the verdict was excessive as to damages and unwarranted.

We will consider these points in their order but before doing so, we present the notice which the defendants claim is insufficient.

"To the Municipal Officers and Assessors of the Plantation of Kingsbury, Piscataquis County and State of Maine. In accordance with Sec. 92 of Chap. 24 of the R. S. of Maine, 1916, you are hereby notified that I claim damages against the said Plantation of Kingsbury on account of an accident, which took place in said Plantation on the fifth day of September, A. D. 1919. The place of the accident was on the bridge over Kingsbury stream, just below the foot of Kingsbury pond, said bridge being on the road leading from Kingsbury Village to Brighton. The defect, causing said accident, was a rotten timber at the north west corner of said bridge, which on account of its rotten and decayed condition did not have sufficient strength to hold the rod to sustain said bridge but let said rod, nut and washer, through said timber and thus caused said bridge to fall. At the time of said accident I was working for Nelson A. Damon of said Kingsbury and was driving across and over said bridge a pair of said Damon's horses, hitched into a hayrack.

My injuries consist of the moving of my muscles from my ribs, the jamming of my kidneys so that I give bloody water and other internal injuries, which I cannot describe, all of said injuries giving me much pain and suffering.

I claim damages in the sum of two thousand dollars.

Sept. 16, 1919.　　　　　　　　　　Signed by Hudson & Hudson
　　　　　　　　　　　　　　　　　　Attys. for and in behalf of
　　　　　　　　　　　　　　　　　　George B. Spencer of Kingsbury,
　　　　　　　　　　　　　　　　　　Maine,
　　　　　　　　　　　　　　　　　　　　　　　his
　　　　　　　　　　　　　　　　　　George B. X. Spencer
　　　　　　　　　　　　　　　　　　　　　　　mark

Witness
　　James H. Hudson."

As we have just said, the defendants strenuously urge the insufficiency of this notice. Sufficiency or insufficiency of the notice required by R. S., Chap. 24, Sec. 92, is a question of law to be passed upon by the presiding Justice. *Rogers* v. *Shirley*, 74 Maine, 144; *Chapman* v. *Nobleboro,* 76 Maine, 427. The learned Justice who presided at nisi prius instructed the jury that the notice was good and after a careful examination of the exhibit, we find no error in the instruction but on the other hand, we are fully persuaded that the notice fully complies with the intent of the statute especially under the liberal construction of such intent which our court has given in numerous cases. *Creedon* v. *Inhabitants of the Town of Kittery,* 117 Maine, 541 and cases there cited.

The second, third and fourth contentions made by the defendants, under instructions of law which are not complained of, involve questions of fact, and the arguments address themselves as well to the motion as to the exceptions. These questions of fact were left to the decision of the constitutional arbiters, and they have made findings thereon. Counsel for the defense with great earnestness and great ability has argued the error of the jury, the bias of the witnesses and the sympathy for the plaintiff which prevailed at the trial. But under familiar rules of law, the burden is upon the defendants to satisfy this court that the verdict was clearly wrong and that

the damages were plainly excessive. The record is brief and has been examined with care, but we cannot say that the defendants have shown such error on the part of the jury either in its verdict or award of damages as should require us to set the verdict aside.

There appearing no error of law and the defendants having failed to satisfy us as to the error of the jury, the mandate will be,

*Exceptions overruled.*
*Motion overruled.*